UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  H-11-3631 |
| | § | |
| $26,139.00 IN U.S. CURRENCY, | § | |
| Defendant in rem | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against approximately $26,139.00 in United States currency, Defendant in rem, and alleges the following.

### *Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 31 U.S.C. §5317(c)(2).

### *Defendant in Rem*

2. Defendant in rem is approximately $26,139.00 in United States currency that was seized from Aamer Wali Janjua and Aisha Janjua on June 7, 2011, at the George Bush Intercontinental Airport in Houston, Texas.

### *Jurisdiction and Venue*

3. This Court has jurisdiction under 28 U.S.C. §1355 because this is an action

for forfeiture.

4. Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because:

>  a.  the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas;
>
>  b.  the property was found in the Southern District of Texas; and
>
>  c.  this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) which provides that any property involved in violations of 31 U.S.C. §§ 5316 and 5324(c) may be forfeited to the United States.  These statutes state in pertinent part that:

>  1)  a person shall file a report when the person knowingly transports, is about to transport, or has transported a monetary instrument of more than $10,000 out of the United States. 31 U.S.C. § 5316(a)(1)(A);
>
>  2)  no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, fail to file a report required by 31 U.S.C. § 5316.  31 U.S.C. § 5324(c)(1);
>
>  3)  no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, file a report required by 31 U.S.C. § 5316 that contains a material omission or misstatement of fact.  31 U.S.C. § 5324(c)(2).

*Facts*

6. On June 7, 2011, Aisha Janjua, Aamer Wali Janjua, and their children

were about to leave the United States aboard Emirates airlines flight number 212 to Dubai, United Arab Emirates, en route to Islamabad, Pakistan, at the George Bush Intercontinental Airport in Houston, Texas.  While in the jetway for this flight, Mr. Janjua was inspected by United States Customs and Border Protection Officer (CBP Officer) Luis Cabral.  Mr. Janjua was not with his family but was boarding ahead of them.  CBP Officer Cabral  conducted a routine Customs outbound inspection in which he asked Mr. Janjua if he was traveling with any other family members.  Mr. Janjua said "no," and that he was traveling alone.  Officer Cabral asked him if he was transporting more than $10,000.  Mr. Janjua said that he was transporting $10,000.  Officer Cabral explained to Mr. Janjua monetary reporting requirements and the need to report an accurate currency amount.  Mr. Janjua signed a CBP form 503 on which he indicated that he was transporting $10,000.  Officer Cabral directed Mr. Janjua to an inspection table for a bag inspection and currency verification.

7. Approximately 15 minutes after Mr. Janjua was directed to the inspection table and while he was still in the verification line, Officer Cabral encountered Mrs. Janjua and her children in the jetway.  Officer Cabral asked Mrs. Janjua if she was traveling with any other family members.  She said "yes," and that her husband Aamer Janjua had already boarded the flight.  Officer Cabral asked her if she was

transporting more than $10,000. She said that she and her husband were transporting about $7,000. She said that she had $6,000 and her husband had $1,600. Officer Cabral allowed Mrs. Janjua to proceed to her flight with her children.

8. While monitoring the currency verification line, Special Agent Michelle Gonzalez, Homeland Security Investigations, noticed Mr. Janjua making nonverbal signals to Mrs. Janjua. As a result of this, Agent Gonzalez ascertained that they were husband and wife and that they were traveling together as a family. Agent Gonzalez asked Mrs. Janjua if together they were transporting more than $10,000 in currency or monetary instruments, for herself or anyone else. Agent Gonzalez explained to Mrs. Janjua the requirements of 31 U.S.C. § 5316 and the need to report accurate currency amounts to the Customs Border Protection. Mrs. Janjua stated that she had money from her own account that her husband was unaware of as well as she was transporting money that had been given to her by her brother. She said that she was not sure how much she was transporting, but she believed it to be between $7,000 and $10,000. Mrs. Janjua confirmed in writing that she was transporting $10,000. Both Mr. and Mrs. Janjua were directed to the inspection table for verification of their declared currency.

9. At the inspection table, CBP Officer Charlesworth Clarke asked Mr. and Mrs. Janjua to place all of their currency on the table. Mr. Janjua removed three

envelopes from a fanny pack that contained $11,000. He had an additional $520 in his wallet. Mrs. Janjua produced three envelopes from two carry ons. These envelopes contained $6,000, $4,000, and $4,000. She had an additional $619 in her purse. CBP Officers determined that Mr. and Mrs. Janjua were transporting $26,139.00.

10. In an interview with Special Agents Minh Tran and Gonzalez, Mr. Janjua was asked why he did not declare the total amount he and his wife were carrying. Mr. Janjua said that "if you declare, you miss the flight."

*Relief Requested*

11. Plaintiff requests an arrest warrant and summons pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a judgment of forfeiture, and costs and other relief to which the Plaintiff may be entitled.

Dated: October 6, 2011.

Respectfully submitted,

Kenneth Magidson
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney

United States Attorney's Office
P. O. Box 61129
Houston, Texas  77208
E-mail: albert.ratliff@usdoj.gov
Office: (713) 567-9579
Fax: (713) 718-3300

*Verification*

I, Michelle Gonzalez, Special Agent, United States Homeland Security

Investigations, declare under penalty of perjury as provided by 28 U.S.C. §1746

that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated

in this complaint are true and correct to the best of my knowledge and belief.

Executed on October  6 , 2011.

_____
Michelle Gonzalez, Special Agent
U. S. Homeland Security Investigations