UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-03631 |
| | § | |
| $26,139.00 IN U.S. CURRENCY, | § | |
| Defendant in rem | § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

    Clinton K. Yu, attorney for the Claimants, and Albert Ratliff, A.U.S.A. representing the United States will confer on February 14, 2012.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None.

3. <u>Briefly</u> describe what the case is about.

    The United States alleges that the Claimants falsely declared that they were not carrying more than $10,000 when they were carrying approximately $26,139 as they were preparing to leave the United State at George Bush Airport. Because of this violation, the funds involved in the violation are subject to forfeiture.

4. Specify the allegation of federal jurisdiction.

    This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

    Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because:
    a. the acts or omissions giving rise to the forfeiture occurred in the Southern

      District of Texas;

          b.  the property was found in the Southern District of Texas; and

          c.  this forfeiture action accrued in the Southern District of Texas.

5.     Name the parties who disagree and the reasons.

      Claimants Aamer and Aisha Janjua disagree with the government's allegations and forfeiture of $26,139.00 in U.S. currency, which is the claimants' personal property.

6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      None.

7.     List anticipated interventions.

      None.

8.     Describe class-action issues.

      None.

9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

      Because this is a forfeiture action in rem arising from a federal statute, these proceedings are exempt from initial disclosure. The parties will, however, complete the initial disclosures by March 15, 2012.

10.    Describe the proposed agreed discovery plan, including:

      A.  Responses to all the matters raised in Rule 26(f).

      Plaintiff will respond by March 15, 2012.  Claimants will respond by March 15, 2012

      B.  When and to whom the plaintiff anticipates it may send interrogatories.

      Plaintiff will send interrogatories by March 30, 2012.

      C.  When and to whom the claimant anticipates it may send interrogatories.

    Claimant will send interrogatories by March 30, 2012.

    D.  Of whom and by when the plaintiff anticipates taking oral depositions.

    Plaintiff anticipates taking the Claimants' deposition by May 15, 2012.

    E.  Of whom and by when the Claimant anticipates taking oral depositions.

    Claimants anticipate taking the oral depositions by May 15, 2012 of the Customs or HSI Agents/Officers who filed the report or were present or involved in the seizure of the subject currency.

    F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    Plaintiff will designate experts by June 1, 2012.  Claimants will designate experts by June 1, 2012.

    G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

    Plaintiff will take the expert deposition by July 15, 2012.

    H.  List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

    The Claimants anticipate taking deposition by July 15, 2012.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    None.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13. State the date the planned discovery can be reasonably completed.

    September 1, 2012.

14. Describe the possibilities for a prompt settlement or resolution of the case that were

    discussed in your Rule 26(f) meeting.

    Settlement possibilities are being discussed.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Parties have engaged in settlement discussion by telephone.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    None.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The Plaintiff requests a trial before the District Court. The Claimants request a trial before the District Court.

18. State whether a jury demand has been made and if was made on time.

    No demand for a jury trial.

19. Specify the number of hours it will take to present the evidence in this case.

    Eight hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Plaintiff has filed Disclosure of Interested Parties . Dkt. # 2.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

| | |
|---|---|
| Clinton K. Yu, Esq. | Albert Ratliff |
| Texas Bar #: 24070901 | NY Bar No. 1073907 |
| FED ID: 1125968 | SDTX Bar No. 6764 |
| Givens & Johnston PLLC | Assistant United States Attorney |
| 950 Echo Ln, Ste 360 | United States Attorney's Office |
| Houston, TX 77024 | P. O. Box 61129 |
| Telephone: 713-932-1540 | Houston, Texas  77208 |
| Email: cyu@givensjohnston.com | E-mail: albert.ratliff@usdoj.gov |
| Attorney for the Claimants | Office: (713) 567-9579 |
| | Fax: (713) 718-3300 |

s/ Albert Ratliff                                                                February 13, 2012
Albert Ratliff, A.U.S.A.                                                   Date
Counsel for Plaintiff


   /s/ Clinton K. Yu
                                                                                   February 13, 2012
Clinton K. Yu, Esq.                                                       Date
Counsel for Claimants